FILED '09 MAY 08 11:45 USDC-LAE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------------x
DAVID PRICE,
an individual,

        Plaintiff,

vs.

SMG, a Pennsylvania Corporation,

        Defendant.
------------------------------------------------------------x

CASE NO.: **09-3495**

**SECT. A MAG. 3**

## COMPLAINT

Plaintiff, DAVID PRICE, through his undersigned counsel, hereby files this Complaint and sues Defendant, SMG, a Pennsylvania Corporation, for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. 12181 *et seq.* ("ADA"), attorney's fees, injunctive relief, damages, and for injunctive relief and compensatory damages pursuant to 29 U.S.C. 794 *et seq.* (Rehabilitation Act), and damages pursuant to Louisiana state law.

### JURISDICTION AND VENUE

1.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*, (*see also* 28 U.S.C. § 2201 and § 2202), and for Plaintiff's claims arising from 29 U.S.C. 794 et seq. (Rehabilitation Act).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No____

1

2. This Court also has *pendant* jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue is properly in the United States District Court for the Eastern District of Louisiana because venue lies in the judicial district of the property *situs*. The Defendant's facility, where Defendant's goods, services, programs, and/or activities are offered, is located in and does business within this judicial district.

4. Plaintiff, DAVID PRICE, (hereinafter referred to as "MR. PRICE,"), is a resident of Jefferson Parish, Louisiana.

5. MR. PRICE is a qualified individual with a disability under the ADA. MR. PRICE was injured in a motorcycle accident and is paralyzed from the waist down. MR. PRICE is a T11 complete paraplegic and uses a wheelchair for mobility.

6. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

7. Defendant, SMG, a Pennsylvania Corporation, is registered to do business in the State of Louisiana. Upon information and belief, SMG, is the property manager and operator at THE SUPERDOME which is the subject of this action, to wit: "the Property", located at 1500 Sugar Bowl Drive, New Orleans, LA 70112. The Defendant is obligated to comply with the ADA.

8. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, in the Orleans Parish.

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT AGAINST SMG**

9. Plaintiff realleges and reavers Paragraphs 1-8 as if they were expressly restated herein.

10. SMG manages and operates the Property, a public accommodation as defined by the ADA, which is open to the public and provides goods and services to the public.

11. During the last five years, Plaintiff, MR. PRICE, visited the Property numerous times for sporting and special events. Recently, he attended the Boat Show and the Home and Garden Show at the Property in March 2009.

12. During these visits, MR. PRICE experienced serious difficulty accessing the goods and utilizing the services at THE SUPERDOME due to the architectural barriers and discriminatory policies discussed in Paragraph 15 herein.

13. MR. PRICE continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers and discriminatory policies discussed in Paragraph 15 which still exist.

14. MR. PRICE plans to and will visit the Property in the future to attend various events held at the Property.

15. The Defendant, SMG, has discriminated, and continues to discriminate, against the Plaintiff in violation of the ADA by excluding and/or denying Plaintiff the full and equal access to its goods, services, programs, and/or activities by failing to, *inter alia*, have accessible facilities. Plaintiff has experienced numerous barriers to access on the property. These violations include, but are not limited to:

  A. inaccessible ramps and routes from the parking garages to the facility due to excessive slopes and cross slopes, lack of level landing at ramps, and, in some places, failure to provide ramps at all;

  B. lack of appropriate signage designating wheelchair accessible routes and parking;

  C. lack of designated accessible parking in close proximity to the facility,

  D. lack of accessible ticket windows at the front entrance;

  E. lack of accessible restrooms at the facility;

  F. lack of accessible elevators at the facility;

  G. lack of accessible and inadequate number of accessible seating at the facility;

  H. lack of accessible counters at concession stands throughout the facility;

  I. lack of accessible parking and inadequate number of designated accessible parking spaces in each parking garage serving the facility;

  J. disabled patrons do not have an accessible route from the parking garage to the facility, forcing them to go into the path of vehicular traffic and under a traffic arm to access the entrance/exit of the parking garage.

16. On March 7, 2009, while attempting to exit the garage in his wheelchair to enter the Boatshow, Plaintiff was forced to go under the traffic arm due to the lack of an accessible curb ramp and was struck on the head, neck, and shoulders by that traffic arm.

17. Upon information and belief, there are other current violations of the ADA and ADAAG at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be fully catalogued.

18. Defendant, SMG, either does not have an adequate policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

19. Independent of his intent to return as a spectator of the events located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20. Removal of the barriers to access located on the Property and removal of Defendant's discriminatory policies are readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant, SMG.

21. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

22. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant, SMG.

WHEREFORE, the Plaintiff demands judgment against SMG, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property operated by SMG is in violation of the ADA;

    B. That the Court enter an Order directing SMG to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing SMG to evaluate and neutralize its policies and procedures towards persons with

    disabilities for such reasonable time so as to allow SMG to undertake and complete corrective procedures.

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II
## VIOLATIONS OF THE REHABILITATION ACT AGAINST SMG

23. Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1-21 as if fully stated herein.

24. Plaintiffs bring this claim against the Defendant, SMG, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq.*

25. The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C. § 794(a).

26. As set forth herein, the Defendant, SMG, has violated the Rehabilitation Act by intentionally excluding the Plaintiff, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and have otherwise subjected them to discrimination under, the SMG's programs and activities.

27. A non-exclusive list of the SMG's violations of the Rehabilitation Act and discriminatory conduct against the Plaintiff are evinced by:

   A. denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by Defendant;

   B. by otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive Defendant's aids, benefits and services;

   C. making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendant;

   D. failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff;

   E. excluding Plaintiff from participation in, and the benefits of, Defendant's services programs and activities as a result of Defendant's facility being inaccessible to or unusable by Plaintiff; and

  F. failing to design and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities.

28. Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at THE SUPERDOME which Plaintiff is more likely than not going to encounter upon his future visits to the subject premises.  Plaintiff brings this action:

  A. to redress injuries suffered as a result of Defendant's discriminatory actions and inactions set forth herein;

  B. to reasonably avoid further and future injury to Plaintiff as a result of Defendant's ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;

  C. to ensure Defendant's facility is accessible as required by the relevant applications of Titles III of the ADA, the effective date of the ADA.

  D. to be made whole and ensure future compliance; and,

  E. to reasonably avoid future ADA and REHABILITATION ACT litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

Only through a complete inspection of the premises and related facilities, undertaken by Plaintiff and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

29. Upon reasonable belief, the SMG is the recipient of Federal Funds. As the recipients of federal funds, Defendant is liable for damages to the Plaintiff as a result of the SMG's acts and omissions constituting intentional discrimination.

30. As set forth above, the Plaintiff has been denied access to, and has been, and without the relief requested herein will continue to be denied the access to the goods, services, programs, facilities, activities and accommodations offered by the SMG solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of the SMG's Rehabilitation Act violations set forth above.

31. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the SMG pursuant to 29 U.S.C. §794(b).

32. Pursuant to 29 U.S.C. §794a this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting the Plaintiff compensatory damages for the SMG's discriminatory actions.

WHEREFORE, Plaintiff demands judgment against SMG and requests the following injunctive and declaratory relief:

A. That the Court declares that the property owned by SMG is in violation of the Rehabilitation Act;

B. That the Court enter an Order enjoining the SMG from continuing its discriminatory practices;

C. That the Court enter an Order directing the Defendant to alter and modify the subject premises, facilities, services, activities, programs and accommodations as appropriate to comply with the Rehabilitation Act;

D. That the Court enter an Order closing the subject premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed;

E. That the Court award reasonable attorneys' fees, costs and litigation expenses incurred in this action, and;

F. That the Court award Plaintiff an award of compensatory damages as well as such further relief that the Court deems to be just and proper.

## COUNT III
## NEGLIGENCE AGAINST SMG

33. Plaintiff adopts and realleges paragraphs 1 through 32 of the Complaint as if more fully set forth herein.

34. On March 7, 2009, Plaintiff was an invitee and guest at the Property.

35. On that date, while attempting to exit the garage on foot going to the Boat Show event at the Property, Plaintiff was forced to travel under the traffic arm due to the lack of an accessible curb ramp and was struck about the head, neck, and shoulders by that traffic arm.

36. As a result, Plaintiff suffered physical injuries including cuts, bruises and abrasions as well as pain and suffering, mental distress and anguish.

37. The parking garage walkway, including its curb cuts, ramps and sidewalk from the parking spaces designated as accessible to the garage exit, is in plain violation of the ADAAG section 4.3, 4.7 and 4.8. These violations of the ADA constitute a dangerous condition. See 28 C.F.R. Part 36.

38. SMG had or should have had actual and/or constructive knowledge of this dangerous condition based on the ADAAG regulations cited above.

39. SMG owed two duties to Plaintiff, both of which ST. JOHN'S breached:

    A.  To use ordinary care in keeping and maintaining the premises in a reasonable and safe condition; and

    B.  To provide warning of the dangerous conditions stated herein.

40. Furthermore, no negligence on the part of the Plaintiff contributed to the occurrence alleged herein.

41. As a proximate and foreseeable result of SMG'S negligence, Plaintiff was injured when, being forced into the road due to the inaccessible walkway, he was struck by the traffic arm in the parking lot while attempting to exit the lot, causing him injury.

42. As a further result, Plaintiff sustained pain and suffering and mental anguish. These losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant, SMG, for damages, and such other relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512

By: *Georgianne Sims*
KU & MUSSMAN, P.A.
Attorney for Plaintiff
Georgianne Sims, Esq.
Of Counsel
936 Louisiana Avenue
New Orleans, Louisiana 70115
Tel: (504) 495-5542
Email: georgianne.sims@gmail.com
LA Bar ID No.: 278879