UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID PRICE, an individual | * | |
| | * | CASE NO. 2:09-cv-03495-JCZ-DEK |
| Plaintiff, | * | |
| | * | SECTION "A"   MAG. 3 |
| VS | * | |
| | * | JUDGE JAY C. ZAINEY |
| SMG, a Pennsylvania Corporation, | * | |
| | * | MAG. KNOWLES |
| Defendant | * | |
| | * | |

## DEFENDANT'S ANSWER TO COMPLAINT

**COMES NOW** Defendant, SMG Corporation (hereinafter "SMG"), by and through undersigned counsel, and responds to the Complaint filed against it in the above matter without waiving any of its defenses; and, answering the allegations of the Complaint, paragraph by paragraph, SMG states:

1.

Defendant acknowledges the existence of the statutes listed in Paragraph 1 of the Complaint, but denies any liability to Plaintiff thereunder. Defendant does not waive and hereby preserves any applicable objection to the Court's jurisdiction.

1

2.

Defendant acknowledges the general pendant jurisdiction of federal courts over state law claims, but SMG denies any liability to Plaintiff thereunder.  Further, Defendant does not waive and hereby preserves any applicable objection to the Court's jurisdiction.

3.

Defendant admits venue is proper in the United States District Court for the Eastern District of Louisiana and admits that Defendant provides goods and services in this jurisdictional district, but denies any other allegation or liability for any alleged actions stated herein.

4.

Defendant admits Paragraph 4 of the Complaint.

5.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and thus, denies the same.

6.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and thus, denies the same.

7.

Defendant admits that SMG Corporation is a Pennsylvania Corporation registered and authorized to do business in the State of Louisiana.  It also admits that the Superdome is located at 1500 Sugar Bowl Drive, New Orleans, Louisiana, 70112, and that it is obligated to comply with at least part of the ADA.  SMG has a management services contract regarding the Superdome, but denies any responsibility or liability for any allegations as set forth herein.

8.

Defendant has already acknowledged venue, but denies any implicit liability set forth in Paragraph 8 of the Complaint.

9.

Defendant realleges and reasserts its answers to Paragraphs 1-8 above, as if set forth here.

10.

Defendant SMG admits that it has a contract to provide management services in connection with the Superdome; and that the Superdome may be considered a public accommodation as defined in the ADA, that is, it is open to the public and provides goods and services to the public.

11.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and thus denies the same.

12.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and thus denies the same.

13.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and thus denies the same.

14.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and thus denies the same.

15.

Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16.

Defendant is without information or knowledge sufficient to form a belief as to the truth and the allegations of Paragraph 16 of the Complaint, and thus denies the same.

17.

Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.

Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19.

Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations set forth in Paragraph 22 of the Complaint and further asserts that Plaintiff is not entitled to any relief as set forth or requested therein.

23.

Defendant adopts and reasserts herein its answers to the allegations contained in Paragraphs 1-21 above as is fully stated here.

24.

Defendant denies any liability to Plaintiff under the statutes set forth in Paragraph 24 of the Complaint.

25.

Defendant is not called upon to admit or deny Paragraph 25 of the Complaint, but acknowledges the existence of the statute cited therein.

26.

Defendant denies Paragraph 26 of the Complaint.

27.

Defendant denies the allegations, inclusively, of Paragraph 27 of the Complaint.

28.

Defendant denies the allegations of Paragraph 28 of the Complaint.

29.

Defendant denies the allegations of Paragraph 29 of the Complaint.

30.

Defendant denies the allegations of Paragraph 30 of the Complaint.

31.

Defendant denies the allegations of Paragraph 31 of the Complaint.

32.

Defendant denies the allegations of Paragraph 32 of the Complaint and further asserts that the relief set forth therein is not justified and/or appropriate.

33.

Defendant adopts and reasserts its answers to Paragraphs 1-32 above as if set forth fully here.

34.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and thus denies the same.

35.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint, and thus denies the same.

36.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and thus denies the same.

37.

Defendant denies the allegations as set forth in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations as set forth in Paragraph 38 of the Complaint.

39.

Defendant denies the allegations as set forth in Paragraph 39 of the Complaint.

40.

Defendant denies the allegations as set forth in Paragraph 40 of the Complaint.

41.

Defendant denies the allegations as set forth in Paragraph 41 of the Complaint.

42.

Defendant denies the allegations as set forth in Paragraph 42 of the Complaint.

## FIRST DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted against Defendant.

## SECOND DEFENSE

Plaintiff's claims are barred to the extent that they are beyond the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that he lacks standing, acted in bad faith, and/or failed to utilize available facilities and services, or request a reasonable accommodation.

## FOURTH DEFENSE

Each and every decision and action taken with respect to Plaintiff, if any, was based on legitimate, non-discriminatory factors, for which there can be no recovery in this action.

## FIFTH DEFENSE

Defendant denies the nature and extent of Plaintiff's injuries and/or damages. Alternatively, all risks and damages alleged in the Complaint were obvious and apparent and were known to and assumed by Plaintiff.

## SIXTH DEFENSE

Defendant denies that Plaintiff is entitled to any relief to the extent and that he has failed to reasonably mitigate his alleged injuries or damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that he is not disabled within the meaning of the Americans With Disabilities Act and/or is not a qualified individual with a disability under the Act.

## EIGHTH DEFENSE

Plaintiff's personal injury claims are barred as Defendant had no notice of the alleged defective or dangerous condition as alleged and thus is not liable to Plaintiff.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent that the Court lacks personal or subject matter jurisdiction over a necessary and indispensible party within the meaning of the Federal Rules of Civil Procedure, the owner of the property and facilities in question.  Defendant is not authorized to alter the property as it is not the owner of it.

## TENTH DEFENSE

Defendant is not liable for the conduct as alleged by Plaintiff, of which it had no knowledge, actual or constructive, and/or against which it maintains an express policy prohibiting discrimination that was in existence at all times material hereto.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or part because Plaintiff failed to exercise reasonable care to prevent and to properly utilize reasonable alternatives available to him.

## TWELFTH DEFENSE

Defendant denies any impermissible motive as a factor in any action or decision concerning Plaintiff, and, more specifically, denies that it engaged in any intentional discrimination against Plaintiff.

8

## THIRTEENTH DEFENSE

Plaintiff is not entitled to any damages as Plaintiff at all times relevant hereto had reasonable access to the events, facility, and services offered at all times that Plaintiff utilized the facility. Alternatively, Plaintiff cannot recover against Defendant as the relief requested is unreasonable and burdensome on the Defendant.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to punitive damages against Defendant for a number of reasons, including, but not limited to, Defendant has made a good faith effort to comply with the applicable statute and/or any imposition of punitive damages under the facts of this case violate the procedural substantive protections of statutory and constitutional law.

## FIFTEENTH DEFENSE

Defendant invokes and reserves all applicable rights and defenses created by Rules 8 and 12 of the Federal Rules of Civil Procedure.

## SIXTEENTH DEFENSE

The facts not having fully developed, Defendant affirmatively pleads the following defenses as may be applicable in this action: estoppel, fraud, illegality, laches, after-acquired evidence, waiver, and any other matter constituting an avoidance or affirmative defense.

## SEVENTEENTH DEFENSE

Defendant reserves the right to supplement this Answer and Defenses with additional affirmative defenses if information becomes available during the course of investigation and discovery.

## EIGHTEENTH DEFENSE

Plaintiff has failed to make an amicable demand or ask for a reasonable accommodation prior to commencing the litigation herein.

## NINETENTH DEFENSE

Before the alleged accident complained of in the Complaint for which Plaintiff contends personal injury and damages were sustained by him, the Plaintiff saw the alleged peril in which he was placed by his own negligence, and by the exercise of due care he could have and should have avoided any such alleged accident.  Plaintiff's alleged damages, the existence of which is denied, were caused or contributed to by his own actions or inactions, and he had the last clear chance to avoid any personal injury damages and unreasonably failed to do so.

## TWENTIETH DEFENSE

Defendant is not guilty of any negligence that proximately caused Plaintiff's alleged injuries and accident, so that in the event that Plaintiff was not himself negligent, alternatively, any negligence that may have occurred, which is specifically denied, was a result of actions of third parties over whom Defendant had no control.

## TWENTY-FIRST DEFENSE

Even if Plaintiff had made a reasonable accommodation, based on the allegations of the Complaint, Defendant asserts that such request is not reasonable or readily achievable.

## TWENTY-SECOND DEFENSE

Defendant has not denied access or services to Plaintiff as alleged.

## TWENTY-THIRD DEFENSE

Defendant has not engaged in intentional discrimination with respect to the accessibility of the facility or services offered at the facility.

## TWENTY-FOURTH DEFENSE

To the extent that Defendant does not provide the accommodations as requested in the Complaint, effective methods of access and use are provided by way of reasonable and appropriate alternative means.

## TWENTY-FIFTH DEFENSE

Plaintiff is not entitled to injunctive relief or equitable relief to the extent that he has not suffered, and will not suffer, irreparable harm or injury.


WHEREFORE, Defendant respectfully requests that, after due proceedings, the Court enter judgment in its favor dismissing all of Plaintiff's claims with prejudice and awarding Defendant costs of this proceeding, and any other relief the Court deems appropriate.


Respectfully submitted,

/s/ Ernest R. Malone, Jr.
ERNEST R. MALONE, JR. (#09066)
The Kullman Firm
1100 Poydras Street, Suite 1600
New Orleans, Louisiana  70163
Telephone:  (504) 524-4162
Facsimile:  (504) 596-4114
E-mail:  erm@kullmanlaw.com

COUNSEL FOR DEFENDANT, SMG

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 12, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Georgianne Sims, Esq.
936 Louisiana Avenue
New Orleans, LA 70115

<u>/s/ Ernest R. Malone, Jr.</u>
Counsel for Defendant