UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
------------------------------------------------------------x
DAVID PRICE,                                       :
an individual,                                     : CASE NO. 2:09-cv-03495-JCZ-DEK
                                                   :
             Plaintiff,                            : SECTION "A" MAG. 3
                                                   :
vs.                                                : JUDGE JAY C. ZAINEY
                                                   :
                                                   : MAG. KNOWLES
SMG, a Pennsylvania Corporation,                   :
and                                                :
                                                   :
LOUISIANA STADIUM AND EXPOSITION                   :
DISTRICT, a political subdivision of the State     :
of Louisiana                                       :
                                                   :
             Defendants.                           :
------------------------------------------------------------x
```

## FIRST AMENDED COMPLAINT

Plaintiff, DAVID PRICE, through his undersigned counsel, hereby files this First Amended

Complaint and sues Defendant, SMG, a Pennsylvania Corporation and LOUISIANA STADIUM

AND EXPOSITION DISTRICT, a political subdivision of the State of Louisiana, for damages,

injunctive relief, attorney's fees, litigation expenses, and costs pursuant to Titles II and III of the

Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.* and §12181 *et seq.* (ADA), 29 U.S.C.

§794 *et seq.*  (Rehabilitation Act), and damages pursuant to Louisiana state law.

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original

jurisdiction over actions which arise from the Defendants' violations of Titles II and III of

the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*, 42 U.S.C. §12131 et seq, (*see*

*also* 28 U.S.C. § 2201 and § 2202), and for Plaintiff's claims arising from 29 U.S.C. §794 *et seq*. (Rehabilitation Act).

2.   This Court also has *pendant* jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3.   Venue is properly in the United States District Court for the Eastern District of Louisiana because venue lies in the judicial district of the property *situs*. The Defendants' facility, where Defendants' goods, services, programs, and/or activities are offered, is located in and does business within this judicial district.

4.   Plaintiff, DAVID PRICE, (hereinafter referred to as "MR. PRICE,"), is a resident of Jefferson Parish, Louisiana.

5.   MR. PRICE is a qualified individual with a disability under the ADA.  MR. PRICE was injured in a motorcycle accident and is paralyzed from the waist down.  MR. PRICE is a T11 complete paraplegic and uses a wheelchair for mobility.

6.   Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

7.   Defendant, SMG, a Pennsylvania Corporation, is registered to do business in the State of Louisiana.  Upon information and belief, SMG is the property manager and operator at THE SUPERDOME which is the subject of this action, to wit: "the Property", located at 1500 Sugar Bowl Drive, New Orleans, LA 70112. The Defendant is obligated to comply with the ADA and Rehabilitation Act.

8.   Defendant, LOUISIANA STADIUM AND EXPOSITION DISTRICT (hereinafter referred to as "LSED") is a political subdivision of the State of Louisiana.  Upon information and

belief, LSED is the owner and administrator of THE SUPERDOME which is the subject of this action, to wit: "the Property", located at 1500 Sugar Bowl Drive, New Orleans, LA 70112, and the programs and activities that are offered thereon. The Defendant is obligated to comply with the ADA and Rehabilitation Act.

9.      All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, in the Orleans Parish.

**COUNT I**
**VIOLATION OF TITLE II OF THE**
**AMERICANS WITH DISABILITIES ACT AGAINST LSED**

10.     Plaintiff realleges and reavers Paragraphs 1-9 as if they were expressly restated herein.

11.     LSED is a public entity, subject to the ADA, which owns THE SUPERDOME located at Sugar Bowl Drive, New Orleans, LA 70112.

12.     Over the last five years MR. PRICE visited THE SUPERDOME, a public entity, to enjoy the services programs and/or activities of the Defendant, LSED, numerous times for sporting and special events. Most recently, he attended the Boat Show and the Home and Garden Show at the Property in March 2009.

13.     During these visits, MR. PRICE experienced serious difficulty utilizing the services, programs, and/or activities therein due to the architectural barriers discussed herein in Paragraph 33 of this First Amended Complaint.

14.     MR. PRICE continues to desire to visit the Property, but fears that he will experience serious difficulty due to the barriers and discriminatory policies discussed in Paragraph 33 which still exist.

15.   MR. PRICE plans to and will visit the Property in the future to attend various events held at

the Property.

16.   42 U.S.C. §12133 provides: "[t]he remedies, procedures, and rights set forth in section 794

of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any

person alleging discrimination on the basis of disability in violation of section 12132 of this

title."

17.   The Defendant, LSED, has discriminated against Plaintiff, MR. PRICE, by denying him full

access to the services, programs, and/or activities by failing to make their facility, THE

SUPERDOME, readily accessible as required by U.S.C. §12132 and its implementing

regulations 28 C.F.R. Part 35.101-35.190 *et. seq.*

18.   The Defendant, LSED, has discriminated, and is continuing to discriminate, against the

Plaintiff in violation of the ADA by excluding and/or denying Plaintiff the full and equal

benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible

facilities.  Plaintiff has personally experienced numerous barriers to access on the property,

as discussed herein.

19.   The discriminatory violations described in Paragraph 33 are not an exclusive list of the

LSED's ADA violations.  Plaintiff requires a full inspection of the Defendant's facility in

order to identify, photograph and to measure all of the discriminatory acts and other failures

by Defendant, LSED's failure to make the facility, its programs, activities and

accommodations readily accessible to and usable by individuals with disabilities.

20.   Tile 28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or

location of a facility, make selections–(I) [t]hat have the effect of excluding individuals with

disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." Defendant, LSED, has violated this provision by providing its services, programs, and/or activities at an inaccessible facility.

21.     28 C.F.R. § 35.150 (b)(1) and 28 C.F.R. § 35.15 (c) mandate that compliance with 28 C.F.R. Part 36 App. A or Uniform Federal Accessibility Standards (UFAS) shall be deemed to comply with Tile II of the ADA. Appendix A to Part 36 - Standards for Accessible Design (28 C.F.R. Part 36, App. A) - sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

22.     Defendant, LSED, has discriminated against the Plaintiff by excluding him from participation in, and denying them the benefits of, the services, programs, and/or activities at its facility because of Plaintiff's disabilities, all in violation of 42 U.S.C. § 12132. Furthermore, the LSED continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to make such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

23.   The Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and/or activities of the LSED's facility, and have otherwise been discriminated against and damaged by the LSED because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy Defendant, LSED's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the LSED's facility in order to catalogue and cure all the areas of non-compliance with the Americans with Disabilities Act.

24.   Plaintiff has retained the undersigned counsel and are entitled to recover reasonable attorney's fees, costs and litigation expenses from the LSED pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

25.   Plaintiff is without adequate remedy at law and are suffering irreparable harm.

26.   Pursuant to 42 U.S.C. § 12131, *et seq*., this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter THE SUPERDOME to make those facilities, and/or programs, and/or activities, readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the LSED cures its violations of the ADA.

**WHEREFORE**, Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant, LSED,

is in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131

*et seq;*

b.      Preliminary and permanent injunctive relief against the Defendant, LSED, including

an order to make all readily achievable alterations to the facility; or to make such

facility readily accessible to and usable by individuals with disabilities to the extent

required by the ADA; and to require the Defendant, LSED, to make reasonable

modifications in policies, practices or procedures, when such modifications are

necessary to afford all offered goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities; and by failing to take such stops that

may be necessary to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals because

of the absence of auxiliary aids and services;

c.      An award of reasonable attorney's fees, costs and litigation expenses pursuant to  42

U.S.C. § 12205 and 28 C.F.R. § 35.175;

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title

II of the Americans with Disabilities Act.

<u>COUNT II</u>
<u>VIOLATION OF TITLE III OF THE</u>
<u>AMERICANS WITH DISABILITIES ACT AGAINST SMG</u>

27.     Plaintiff realleges and reavers Paragraphs 1-26 as if they were expressly restated herein.

28.     SMG manages and operates the Property, a public accommodation as defined by the ADA,

which is open to the public and provides goods and services to the public.

29.     During the last five years, Plaintiff, MR. PRICE, visited the Property numerous times for

        sporting and special events.  Recently, he attended the Boat Show and the Home and Garden

        Show at the Property in March 2009.

30.     During these visits, MR. PRICE experienced serious difficulty accessing the goods and

        utilizing the services at THE SUPERDOME due to the architectural barriers and

        discriminatory policies discussed in Paragraph 33 herein.

31.     MR. PRICE continues to desire to visit the Property, but continues to experience serious

        difficulty due to the barriers and discriminatory policies discussed in Paragraph 33 which still

        exist.

32.     MR. PRICE plans to and will visit the Property in the future to attend various events held at

        the Property.

33.     The Defendants have discriminated, and continue to discriminate, against the Plaintiff in

        violation of the ADA by excluding and/or denying Plaintiff the full and equal access to their

        goods, services, programs, and/or activities by failing to, *inter alia*, have accessible facilities.

        Plaintiff has personally experienced numerous barriers to access on the property.  These

        violations include, but are not limited to:

        A.      inaccessible ramps and routes from the parking garages to the facility due to

                excessive slopes and cross slopes, lack of level landing at ramps, and, in

                some places, failure to provide ramps at all;

        B.      lack of appropriate signage designating wheelchair accessible routes and

                parking;

        C.      lack of designated accessible parking in close proximity to the facility,

D.      lack of accessible ticket windows at the front entrance;

E.      lack of accessible restrooms at the facility;

F.      lack of accessible elevators at the facility;

G.      lack of accessible and inadequate number of accessible seating at the facility;

H.      lack of accessible counters at concession stands throughout the facility;

I.      lack of accessible parking and inadequate number of designated accessible parking spaces in each parking garage serving the facility;

J.      disabled patrons do not have an accessible route from the parking garage to the facility, forcing them to go into the path of vehicular traffic and under a traffic arm to access the entrance/exit of the parking garage.

34.    On March 7, 2009, while attempting to exit the garage in his wheelchair to enter the Boatshow, Plaintiff was forced to go under the traffic arm due to the lack of an accessible curb ramp and was struck on the head, neck, and shoulders by that traffic arm.

35.    Upon information and belief, there are other current violations of the ADA and ADAAG at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be fully catalogued.

36.    Defendant, SMG, either does not have an adequate policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

37.    Independent of his intent to return as a spectator of the events offered on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

38.     Removal of the barriers to access located on the Property and removal of Defendant's

        discriminatory policies are readily achievable, reasonably feasible and easily accomplishable

        without placing an undue burden on Defendant, SMG.

39.     Removal of the barriers to access located on the Property would allow Plaintiff to fully

        utilize the goods and services located therein.

40.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution

        of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses

        paid by Defendant, SMG.

        WHEREFORE, the Plaintiff demands judgment against SMG, and requests the following

        injunctive and declaratory relief:

    A.      That the Court declares that the Property operated by SMG is in

            violation of the ADA;

    B.      That the Court enter an Order directing SMG to alter the facility to

            make it accessible to and useable by individuals with disabilities to

            the full extent required by Title III of the ADA;

    C.      That the Court enter an Order directing SMG to evaluate and

            neutralize its policies and procedures towards persons with

            disabilities for such reasonable time so as to allow SMG to undertake

            and complete corrective procedures;

    D.      That the Court award reasonable attorney's fees, costs (including

            expert fees), and other expenses of suit, to the Plaintiff; and

E.      That the Court award such other and further relief as it deems

necessary, just and proper.

## COUNT III
## VIOLATION OF THE REHABILITATION ACT AGAINST SMG AND LSED

41.     Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1-40 as if fully stated

herein.

42.     Plaintiffs bring this claim against the Defendants, based upon the Rehabilitation Act, 29

U.S.C. §794, *et seq.*

43.     The Rehabilitation Act provides that:

No otherwise qualified individual with handicaps in the United

States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason

of his or her handicap, be excluded from the participation in, be

denied the benefits of, or be subjected to discrimination under any

program or activity receiving Federal financial assistance or under

any program or activity conducted by any Executive agency or by the

United States Postal Service.  29 U.S.C. § 794(a).

44.     As set forth herein, the Defendants have violated the Rehabilitation Act by intentionally

excluding the Plaintiff, solely by reason of his disabilities, from the participation in, and

denying him the benefits of, and have otherwise subjected them to discrimination under, the

Defendants' programs and activities.

45.     A non-exclusive list of the Defendants' violations of the Rehabilitation Act and

discriminatory conduct against the Plaintiff are evinced by:

A.      denying Plaintiff access to, and the opportunity to participate in or benefit

from, the aids, benefits, activities, programs, accommodations and services

offered by Defendants;

B.      by otherwise limiting Plaintiff in the enjoyment of the rights, privileges,

advantages and opportunities enjoyed by individuals without disabilities who

receive Defendants' aids, benefits and services;

C.      making facility site or location selections that have the effect of

discriminating against individuals with disabilities and excluding them from

and denying them the benefits of, and defeating or substantially impairing the

accomplishment of the objectives of, the services, programs and activities

offered by Defendants;

D.      failing to administer services, programs and activities in the most integrated

setting appropriate to the needs of Plaintiff;

E.      excluding Plaintiff from participation in, and the benefits of, Defendants'

services programs and activities as a result of Defendant's facility being

inaccessible to or unusable by Plaintiff; and

F.      failing to design and/or construct new facilities, or alterations to existing

facilities, which are readily accessible to and useable by individuals with

disabilities.

46.     Upon information and belief, there are additional, ongoing violations of the Rehabilitation

Act at THE SUPERDOME which Plaintiff is more likely than not going to encounter upon

his future visits to the subject premises.  Plaintiff brings this action:

A.    to redress injuries suffered as a result of Defendants' discriminatory actions and inactions set forth herein;

B.    to reasonably avoid further and future injury to Plaintiff as a result of Defendants' ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;

C.    to ensure Defendants' facility is accessible as required by the relevant applications of Titles II and III of the ADA, the effective date of the ADA.

D.    to be made whole and ensure future compliance; and,

E.    to reasonably avoid future ADA and REHABILITATION ACT litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

Only through a complete inspection of the premises and related facilities, undertaken by Plaintiff and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

47.    Upon reasonable belief, SMG and LSED are the recipients of Federal Funds.  As the recipients of federal funds, Defendants are liable for damages to the Plaintiff as a result of the Defendants acts and omissions constituting intentional discrimination.

48.    As set forth above, the Plaintiff has been denied access to, and has been, and without the relief requested herein will continue to be denied the access to the goods, services, programs, facilities, activities and accommodations offered by the Defendants solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of the Defendants' Rehabilitation Act violations set forth above.

49.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of

this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and

litigation expenses, incurred in this action.  Plaintiff is entitled to recover those attorneys'

fees, costs and litigation expenses from the Defendants pursuant to 29 U.S.C. §794(b).

50.     Pursuant to 29 U.S.C. §794(a) this Court is provided authority to grant Plaintiff's injunctive

relief including an order to alter the subject premises, facilities, services, activities, programs

and accommodations to make them accessible to and useable by individuals with disabilities

to the extent required by the Rehabilitation Act; closing all premises and facilities and

discontinuing all non-complying services, activities, programs and accommodations until the

requisite modifications are completed; and, granting the Plaintiff compensatory damages for

the Defendants' discriminatory actions.

WHEREFORE, Plaintiff demands judgment against SMG and LSED and requests the

following injunctive and declaratory relief:

      A.     That the Court declares that the property, programs and activities owned,

operated and administered by SMG and LSED are in violation of the

Rehabilitation Act;

      B.     That the Court enter an Order enjoining the SMG and LSED from continuing

their discriminatory practices;

      C.     That the Court enter an Order directing the Defendants to alter and modify

the subject premises, facilities, services, activities, programs and

accommodations as appropriate to comply with the Rehabilitation Act;

D.      That the Court enter an Order closing the subject premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed;

E.      That the Court award reasonable attorneys' fees, costs and litigation expenses incurred in this action to the Plaintiff, and;

F.      That the Court award Plaintiff an award of compensatory damages as well as such further relief that the Court deems to be just and proper.

## COUNT IV
## NEGLIGENCE AGAINST SMG AND LSED

51.    Plaintiff adopts and realleges paragraphs 1 through 50 of the Complaint as if more fully set forth herein.

52.    On March 7, 2009, Plaintiff was an invitee and guest at the Property.

53.    On that date, while attempting to exit the garage on foot going to the Boat Show event at the Property, Plaintiff was forced to travel under the traffic arm due to the lack of an accessible curb ramp and was struck about the head, neck, and shoulders by that traffic arm.

54.    As a result, Plaintiff suffered physical injuries including cuts, bruises and abrasions as well as pain and suffering, mental distress and anguish.

55.    The parking garage walkway, including its curb cuts, ramps and sidewalk from the parking spaces designated as accessible to the garage exit, is in plain violation of the ADAAG section 4.3, 4.7 and 4.8. These violations of the ADA constitute a dangerous condition. See 28 C.F.R. Part 36.

56.    SMG and LSED had or should have had actual and/or constructive knowledge of this dangerous condition based on the ADAAG regulations cited above.

57.    SMG and LSED owed two duties to Plaintiff, both of which were breached:

    A.    To use ordinary care in keeping and maintaining the premises in a reasonable and

        safe condition; and

    B.    To provide warning of the dangerous conditions stated herein.

58.    Furthermore, no negligence on the part of the Plaintiff contributed to the occurrence alleged

    herein.

59.    As a proximate and foreseeable result of Defendants' negligence, Plaintiff was injured when,

    being forced into the road due to the inaccessible walkway, he was struck by the traffic arm

    in the parking lot while attempting to exit the lot, causing him injury.

60.    As a further result, Plaintiff sustained pain and suffering and mental anguish.  These losses

    are either permanent or continuing in nature and Plaintiff will suffer these losses in the

    future.

    **WHEREFORE**, Plaintiff demands judgment against Defendants, SMG and LSED, for

damages, and such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues.

                    Respectfully Submitted,

                    KU & MUSSMAN, P.A.
                    Attorneys for Plaintiff
                    11098 Biscayne Blvd., Suite 301
                    Miami, FL 33161
                    Tel: (305) 891-1322
                    Fax: (305) 891-4512

                    By: /s/ Georgianne Sims
                        KU & MUSSMAN, P.A.
                        Attorney for Plaintiff

                                         Georgianne Sims, Esq.
Of Counsel
936 Louisiana Avenue
New Orleans, Louisiana 70115
Tel: (504) 495-5542
Email: georgianne.sims@gmail.com
LA Bar ID No.: 278879

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December, 2009, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send notice of electronic filing to the following: Thomas H. Kiggans, Esq., Phelps Dunbar LLP, II City Plaza, 400 Convention Street, Suite 1100, Baton Rouge, LA 70821-4412.

                                  By: /s/ Georgianne Sims
                                      Georgianne Sims, Esq.